



## MEMORANDUM OPINION

No. 04-09-00612-CV

Fructuoso **SAN MIGUEL**,
Appellant

v.

**CITY OF LAREDO**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVF-00993-D3
Honorable Elma Salinas-Ender, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 14, 2010

AFFIRMED

Appellant Fructuoso San Miguel sued the City of Laredo for violations of the Texas Open

Meetings Act ("TOMA").  The trial court granted the City's motion for summary judgment and

dismissed all of appellant's claims.  We affirm.

## FACTUAL BACKGROUND

After the former police chief of the City of Laredo was convicted of corruption, the City initiated a selection process to hire a new police chief. Appellant was among the finalists under consideration for the position. In the end however, the City Manager appointed Carlos Maldonado, and the City Council confirmed the appointment. Thereafter, appellant brought suit under TOMA challenging the recruitment, selection, appointment, and ratification of Maldonado as the new chief. In his lawsuit, appellant alleged the City violated TOMA at a number of meetings. Appellant sought (1) a judicial declaration that the City Council violated TOMA and the decision to hire Maldonado was null and void because the decision was reached in violation of TOMA and (2) a writ of mandamus to prevent the City from continuing to violate TOMA. The City moved for a traditional summary judgment, which was granted. This appeal ensued.

## STANDARD OF REVIEW

When, as here, a defendant moves for a traditional summary judgment, the defendant has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *See Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. *See Haynes v. Beceiro*, 219 S.W.3d 24, 27 (Tex. App.—San Antonio 2006, pet. denied).

**DISCUSSION**

Appellant alleged the selection of the new police chief occurred over a series of eight meetings all of which involved violations of TOMA. The City's motion for summary judgment was based on its argument that the notice of each meeting complied with TOMA.[1]

"Every regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). A governmental body is required to give notice of the "subject of each meeting held by the governmental body." *Id.* § 551.041. The notice must be sufficiently specific to alert the general public to the topics to be considered at the upcoming meeting. *City of Laredo v. Escamilla*, 219 S.W.3d 14, 19 (Tex. App.—San Antonio 2006, pet. denied). "As long as a reader is alerted to the topic for consideration, it is not necessary to state all of the consequences which may flow from consideration of the topic." *Cox Enters., Inc. v. Board of Trustees Of Austin ISD*, 706 S.W.2d 956, 958 (Tex. 1986). Any action taken in violation of TOMA is voidable. TEX. GOV'T CODE § 551.141.

The first meeting occurred on October 30, 2007; however, appellant presents no specific complaint about this meeting. The second meeting occurred on December 17, 2007 and the notice for that meeting noted a staff report as follows: "Presentation . . . regarding the recruitment progress of the Chief of Police position and explore the feasibility of hiring a professional recruiter, with possible action." At the meeting, the City Council authorized the City Manager to: (1) "make the salary negotiable with the possibility of finding out how the applicants meet" certain education

---

[1] On appeal, the City also argues summary judgment was proper because the City complied with TOMA at the last meeting at which the appointment of Maldonado was confirmed. According to the City, any procedural defects in the pre-confirmation actions taken during the prior seven meetings do not invalidate any action taken during the final meeting. The City did not move for summary judgment on this basis and, therefore, we will not consider this argument on appeal.

requirements; (2) hire a recruiter for a fee not to exceed $30,000; and (3) "indicate something other than municipal police experience." On appeal, appellant's complaint appears to be that the notice failed to actually state the "subject" of the meeting. We disagree. The notice alerted the general public that a progress report would be provided to City Council and possible action might result based on consideration of the report. Making the salary negotiable, exploring the educational and work-experience requirements for the position, and retaining a professional recruiter are all consequences that flow from consideration of the subject of the meeting. Therefore, we conclude no TOMA violation occurred with regard to the December 17, 2007 meeting.

The third meeting occurred on January 7, 2008 and the notice for that meeting stated the City Council would consider authorizing the City Manager "to enter into a contract with Mercer Group; not to exceed $30,000.00 to conduct a comprehensive search to recruit a Police Chief for the City of Laredo." The agenda from the meeting indicates the City Manager received the necessary authorization. Appellant alleges that, during the council meeting, the City Manager said the Mercer Group would have "no more than 75 days," which according to appellant put the deadline to submit applications for the chief of police position at March 22, 2008. Appellant contends Maldonado actually submitted his application, with no notice to the public, sometime after March 22nd. We find no TOMA violation because the notice of the meeting indicated the City Council would consider entering into a contract with the Mercer Group, which is exactly what transpired when the City Manager was authorized to enter into the contract. The fact that a verbal deadline for submitting applications was mentioned at the meeting and a candidate allegedly submitted his application after that deadline does not amount to a TOMA violation.

The fourth meeting occurred on April 7, 2008 and the City Council met in executive session. TOMA requires a governmental body to "either keep a certified agenda or make a tape recording of the proceedings of each closed meeting, except for a private consultation permitted under Section 551.071." *Id.* § 551.103(a). The presiding officer must certify that any such agenda is a true and correct record of the proceedings. *Id.* § 551.103(b). The certified agenda must include the following: "(1) a statement of the subject matter of each deliberation; (2) a record of any further action taken; and (3) an announcement by the presiding officer at the beginning and the end of the meeting indicating the date and time." *Id.* § 551.103(c). Appellant contends the certified agenda of this meeting contains no record of the proceedings. We disagree. The certified agenda complies with section 551.103 in that it states (1) the subject matter of the deliberation ("to deliberate the appointment, employment and duties of the Chief of Police; and return to open session for possible action thereon"); (2) a record of any further action ("[unreadable] completed vis-a-vis selection process – calendar to for [sic] interviews of finalists"); and (3) that the executive session began on April 7, 2008 at 8:04 p.m. and concluded on the same date at 8:25 p.m. Therefore, we conclude no TOMA violation occurred with regard to the April 7, 2008 meeting.

The fifth meeting occurred on April 21, 2008 and appellant complains no notice was given to the public that there would be any discussion about the chief of police position or that the names of the finalists would be divulged. Appellant complains the City Manager announced, during the meeting, the names of the five finalists, including that of Maldonado. According to appellant, this was the first time the public had any notice that the deadline to apply had been extended and that Maldonado had applied for the position. It is true that the notice of the meeting neither mentioned nor alluded to the chief of police position. However, if, during a meeting of a governmental body,

a member of the governmental body inquires about a subject for which the required notice has not been given, the notice provisions do not apply to the following: "(1) a statement of specific factual information given in response to the inquiry; or (2) a recitation of existing policy in response to the inquiry." *Id.* § 551.042(a). The City Manager at the time, Carlos Villarreal, submitted his affidavit in which he stated he attended the April 21, 2008 meeting, and during this meeting, he was asked by the Mayor to report the names of the finalists, which he did. Villarreal also reminded the council of an upcoming informal gathering to meet the finalists and of a council meeting to interview the finalists. Section 551.042 also provides that "[a]ny deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting." *Id.* § 551.042(b). In this case, no action was taken regarding the selection of a new police chief. Because Villarreal's statements were "of specific factual information given in response to [an] inquiry" and no deliberation or decision was taken on the subject of the inquiry, we conclude no TOMA violation occurred with respect to the April 21, 2008 meeting.

The sixth meeting occurred on April 24, 2008 and was held at a hotel. Appellant complains notice of this meeting was not posted on the internet. Under TOMA, the City of Laredo is required to post notices of meetings on its internet website site. *See id.* § 551.056(a), (b) (Vernon Supp. 2009). In its motion for summary judgment, the City argued no notice was necessary because the gathering on April 24th was not a "meeting" as that word is defined in the Government Code, but was, instead, simply an informal "meet and greet" between members of the City Council and the police chief finalists, with members of the media present.

TOMA defines a "meeting" as

> a gathering (i) that is conducted by the governmental body or for which the governmental body is responsible; (ii) at which a quorum of members of the governmental body is present; (iii) that has been called by the governmental body; and (iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.  . . . .

*Id.* § 551.001(4)(B).

A "quorum" is defined as "a majority of a governmental body, unless defined differently by applicable law or rule or the charter of the governmental body." *Id.* § 551.001(6).  On appeal, appellant contends a fact issue was raised as to whether TOMA was violated with respect to the April 24th "meeting" because on this date a quorum was present for "a gathering" "called by the governmental body" and "conducted by the governmental body" at which the members of the governmental body received information from, gave information to, asked questions of, or received questions "from any third person" "about the public business or public policy over which the governmental body has supervision or control."

It is undisputed that the Mayor of the City of Laredo as well as members of the City Council attended the April 24th gathering.  And there is no dispute that the Mayor and council members spoke to the finalists.  Appellant's summary judgment affidavit lists the names of various attendees, including the Mayor and council members.  However, nothing in the summary judgment record indicates who was present or who participated in any particular conversation.  Also, there is no evidence a majority of the members of the City Council posed questions to each finalist or a majority of the members responded to questions posed by the finalists.  Nothing in the record reveals the specific nature of any conversation between an individual finalist and council member.  Therefore,

-7-

there is no fact issue as to whether a "quorum" formed, nor is there a fact issue as to whether any conversation between council members and finalists included information "about the public business or public policy over which the governmental body has supervision or control." Accordingly, we conclude the City conclusively established that no "meeting" as defined under section 551.001(4)(B) occurred at the hotel on April 24th and, accordingly, the failure to post notice of the gathering on the City's website did not violate TOMA.

The seventh meeting, held on April 25, 2008, was the meeting at which the finalists were formally interviewed by the City Council. The agenda for the meeting stated, under the caption "Staff Report," as follows: "Formal interview of prospective finalists for the position of Police Chief, with possible action." Appellant contends the agenda led the public to believe this would be a report from the staff about interviews by staff, but instead, it was a meeting with live interviews before City Council. Appellant's argument overlooks a further statement in the agenda that "each candidate would be given 15 minutes for questions and answers." Therefore, we conclude the agenda was sufficiently specific to alert the general public that live interviews would be conducted at the meeting.

Appellant also contends the City Manager "invoked the rule" at the April 25th meeting and the candidates were excluded from the room and only allowed into the room one at a time. According to appellant, TOMA does not provide for "invoking the rule." The minutes of the April 25th meeting reveal no finalist objected to being excluded from the room during the interview of another finalist. And, in his summary judgment affidavit, appellant, who was present as a finalist for the interviews, does not state he raised any objection to the manner in which the interviews were

conducted. We therefore conclude TOMA was not violated with respect to the manner in which the interviews were conducted.

The final meeting about which appellant complains was held on May 12, 2008. At this meeting, the City Council went into executive session to discuss the chief of police position. Appellant contends no "true and correct record" of the proceeding was kept. With an exception that does not apply here, TOMA requires a governmental body to "either keep a certified agenda or make a tape recording of the proceedings of each closed meeting . . . ." *Id.* § 551.103(a). Here, although no tape recording was made of the closed meeting, the record contains a certified copy of the executive session agenda. The certified agenda states the City Council went into executive session to "deliberate the appointment, employment and duties of the Chief of Police" and that "no formal action was taken" at the closed meeting. Therefore, we conclude TOMA was not violated with respect to the May 12, 2008 meeting.

## CONCLUSION

We conclude the City of Laredo conclusively established that TOMA was not violated with regard to any of the complained-of meetings; therefore, the trial court did not err in rendering summary judgment in favor of the City. Accordingly, we overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice